Good morning, your honors. May it please the court, I am Joe Stancotti on behalf of requesting that this court reinstate the case that Mr. Fantozzi filed in the Southern District of New York, claiming false arrest and excessive force against the City of New York, which operates the New York City Police Department and two individual NY, New York City Police Department officers, particularly Mr. Anthony Sclafani, with which plaintiff had an encounter in 2018, resulting in plaintiff suffering serious physical injury. This case, um, the case against Mr. Sclafani was dismissed by Honorable Judge Woods in 2022, based on failure to timely serve the complaint on the individual officers. And the date that the service should have taken place by August 16, 2021, and didn't take place until mid-March of the following year. So what is the excuse or good cause for that? Your Honor, thank you for the question. I do not contend that there was good cause for the delay. My argument is that my client filed this lawsuit attempting to find some measure of justice for the serious injuries that he suffered as a result of the aforementioned incident. I made a serious mistake in not timely serving these defendants far beyond the deadline required. Well, even when a court has the discretion to excuse without good cause, you need some colorable excuse for the neglect. And that involves balancing various factors. How do you think the balance comes out in your favor or in your client's favor? Thank you, Your Honor, for the question. I want to make it clear that I am not arguing that on balance of the factors in Zapata that I personally have good cause. Rather, we're making an argument that this court has the power in its eminent judgment to reinstate the case in the interest of justice. Regarding some of the factors that you are alluding to, I think the main factor and the heaviest factor is the relative prejudice to defendants and to plaintiff in the in the original action. As I mentioned, of course, this was filed in the Southern District of New York. The case was assigned to its mandatory mediation program. Both sides had exchanged the required discovery and were awaiting one set of medical documents, which was the delay, and that was the result of us thinking that it was one branch of Mount Sinai Hospital where a plaintiff was treated for his injuries on the day of the incident and ended up being another. And with submitting the HIPAA forms, it just took several months for that to happen. But my point is that, in fact, in this not plaintiff's, my failure as an attorney to timely serve these two individual defendants, the same discovery would have been, in fact, was exchanged. The mediation was scheduled to go forward. We didn't have a set date yet. And after the two individual defendants were served, that is when the city made its motion to dismiss the complaint for failure to serve regarding, I'm sorry, its motion to dismiss the complaint regarding defendants Sclafani and Figueroa for failure to serve the complaint. And the prejudice to my client, to Mr. Fantosi, is enormous in that he has been, through no fault of his, denied his day in court to adjudicate and vindicate his constitutional rights to be free from false arrest and excessive force. And I recognize that there are cases in this jurisdiction by this, written by your honors, that have found that it's a balancing test of factors and whether, as you mentioned, your honor, whether there was good cause for the excuse, which I'm not contending. I'm making a different argument that it is unjust to have Mr. Fantosi's day in court denied for serious injuries that are, require one surgery scheduled for next week to repair a halfway torn left rotator cuff in his shoulder resulting from the incident. And it is within this court's power, and in fact, this court's prerogative in its eminent judgment to be able to reinstate this case. I think that this is a, this is really a case where there is no controlling precedent and the scales of justice are in militate in favor of reinstating the case against officers Sclafani and Figueroa. Thank you. We're here for the affiliate. Good morning, your honors. Josh Liebman for the affiliates, Officer Sclafani, Officer Figueroa, and the City of New York. My colleague's concessions at his argument compel affirmance here. As my colleague just recognized, he doesn't contend that there was good cause for the service delay, nor does he contend that there's a colorable excuse for the That's the end of the inquiry. There's no basis in law for this court to overturn the district court's dismissal of these claims. Certainly no basis to conclude that the district court abused its discretion in so doing. And my colleague's statement that this is some type of question of first impression, or that there's no controlling precedent on point, or that this court has some reserve interest of justice jurisdiction that permits it to reinstate these claims, notwithstanding that the appellant concedes that the legal test is not satisfied. It simply has no basis. The case is cited throughout our brief make plain that a legal standard applies, and my colleague has conceded that he doesn't contend that that legal standard is satisfied here. So we ask that the court affirm. I'd welcome any questions the court may have. Could you just address the prejudice that your clients would suffer by permitting these claims to go forward at this juncture? Certainly. So just three or four quick points on that. At the outset in Zapata and other cases, this court has made clear that absent a colorable excuse, the court doesn't even have occasion to reach the weight of the prejudices, and the court has also said again in Zapata that this court will leave it to the district court to assess prejudice and to weigh it on the facts of each specific case. Even setting those preliminary considerations to one side, the main implication prejudice-wise for the individual defendants implicates statute of limitations concerns. Permitting a plaintiff to, in effect, extend the statute of to defend against claims that are older, more stale, imposes concomitant concerns about the passage of time, fading memories, and the like. And as the district court also noted in its opinion, there's a material difference for the individual officers in participating in this case as, for example, merely witnesses if the only viable claim was against the city of New York, as opposed to as defendants. So that's another material difference that the district court expressed. And again, it's in the district court's discretion to weigh these factors. The district court certainly did not do so in an abusive manner. We ask that the court affirm. Thank you. Thank you, your honors. Just briefly, my colleague is correct in that I am not contending that there was an abuse of discretion in the weighing of the Zapata factors by the district court. None of the cases cited by the appellees involve trial court cases that allege physical harm or violation of fundamental constitutional rights. That's why this case is different. And I heard what my colleague said when you asked him about the prejudice. And unless I'm mistaken, and that's possible, he said only that it would amount to effectively extending the statute of limitations, which I don't think is a compelling reason to deny Mr. Fantosi his day in court. I note that counsel for both defendants in the district court and appellees here have not denied that defendants Sclafani and Figueroa had actual notice that the complaint was filed when it was. And in closing, I will only respectfully plead to the court and submit to the court that my client, Mr. Fantosi, was unjustly denied his opportunity to litigate his case for violation of his constitutional rights through no fault of his own. As I said, it was... Would he be without any recourse in the event that we affirm the district court here? I'm sorry? What would his recourse be in the event that we affirm the district court? His recourse, I suppose, would be to, well, to try to appeal the case before the Supreme Court. And if I may just continue, please, your honors. And I'm sorry. And lastly, I submit that your honors and this court as a whole is granted with the power under the Constitution to do what it can to ensure that justice is done. Also, regarding one thing that my... I'm sorry. There's nothing controlling this court to affirm the decision of the district court under the case law because this case is different to any other case, as I said, regarding physical injury and constitutional violations vis-a-vis the cases cited by appellees in support of its argument to affirm. So I respectfully ask this court, in the interest of justice, for Mr. Fantosi to reinstate this case against the individual officers at the trial court level. Thank you. Thank you both, and we'll take the matter under advisement.